EDMUNDS v. SUGHROW.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   On reviewing a directed verdict in favor of plaintiffs, the Supreme Court must accept the testimony most favorable to defendants.[1]

2. BOUNDARIES—EVIDENCE—ACQUIESCENCE.
   In ejectment by the holders of the record title to a strip of land, the defense of acquiescence held, not available to defendants under the evidence.[2]

3. ADVERSE POSSESSION—QUESTION FOR JURY.
   In ejectment by the holders of the record title to a strip of land, evidence of adverse possession, held, sufficient to present a question for the jury.[3]

4. SAME — BOUNDARIES — ACQUIESCENCE AND ADVERSE POSSESSION DIFFERENT DEFENSES.
   Acquiescence and adverse possession are not so interwoven that a failure to establish one necessarily fails to establish the other, but they are materially different defenses.[4]

[1]Appeal and Error, 4 C. J. §§ 2709, 2872; [2]Boundaries, 9 C. J. § 343; [3]Adverse Possession, 2 C. J. § 622; [4]Boundaries, 9 C. J. § 198 (Anno).

5. APPEAL AND ERROR — DIRECTED VERDICT — CREDIBILITY OF WIT-
    NESSES FOR JURY.
    On reviewing a directed verdict the Supreme Court may
    not weigh or measure the testimony, since its credibility
    in the first instance is for the jury.[5]

Error to Wayne; Mandell (Henry A.), J.    Sub-
mitted October 7, 1925.    (Docket No. 15.)    Decided
December 22, 1925.

Ejectment by Dorothy J. Edmunds and another
against John F. Sughrow and others.    Judgment for
plaintiffs on a directed verdict.    Defendants bring
error.    Reversed.

*Monaghan, Crowley, Reilley & Kellogg,* for appel-
lants.

*Arthur J. Adams,* for appellees.

FELLOWS, J.    Lot 41 of Duffield's subdivision of
part of park lots 80 and 81 in the city of Detroit has
a frontage on Duffield street of 43.33 feet.    For some
time prior to 1902 it was owned by William H. Flynn.
On September 8, 1902, Flynn conveyed the easterly
20 feet of the lot to Addie M. Somerville, through
whom plaintiffs claim title.    At the time of this con-
veyance there was a brick house occupying the easterly
19.33 feet of the lot.    On July 28, 1904, Flynn con-
veyed to one Rosenthal the westerly 23.33 feet of the
lot.    Rosenthal conveyed the same description to one
Welch, and in 1906 Welch entered into a contract with
James C. Martin to sell him "the westerly 24 feet more
or less of lot 41."    This description was used in all
subsequent conveyances including the ones to defend-
ants.    There was at the time Flynn conveyed the
westerly part of the lot a frame dwelling house on
it.    The exact date does not appear, but probably

[5]Appeal and Error, 4 C. J. § 2872; Trial, 38 Cyc. p. 1518.
    233—Mich.—26.

some time in 1922, defendants commenced the erection of a substantial store building on the westerly 24 feet of the lot. Some time after the store building was completed plaintiffs employed a surveyor to establish the line and thereafter this action of ejectment was instituted involving a strip occupied by part of the wall of the store building claimed by plaintiffs to be about nine inches in width. The trial judge directed a verdict for the plaintiffs and we must under such circumstances accept the testimony most favorable to defendants. Unquestionably plaintiffs hold the record title. Defendants claim two defenses were sufficiently made by the testimony to take them to the jury: (1) Acquiescence, and (2) adverse possession.

1. There is testimony in the case to the effect that for upwards of 15 years a board fence has been maintained from the alley at the rear of the lot extending into the lot some 19 feet. The exact location of this fence and the continuity of its maintenance are matters in dispute. Defendants' claim is, and there is testimony to sustain it, that the fence is and always has been maintained on a line with the west line of the main portion of the brick house and that the store building is west of the line of the fence. But there is no testimony in the case that the fence was erected pursuant to any agreement between the owners of the adjacent premises, or that there had ever been a *bona fide* dispute between them as to where the true line was which was compromised and a line thereafter acquiesced in. Under these circumstances the trial judge correctly held that the defense of acquiescence, standing alone, was not available to defendants. *Smith* v. *Hamilton,* 20 Mich. 433 (4 Am. Rep. 398); *Lake Shore, etc., R. Co* v. *Sterling,* 189 Mich. 366.

2. We are persuaded from an examination of this record that the trial court was in error in entirely withdrawing the question of adverse possession from

the jury.    At least as to that portion of the premises adjacent to the fence there was testimony that defendants and their predecessors in title had used and occupied adversely such premises and all of them up to the fence for more than the statutory period.    Acquiescence and adverse possession are not so interwoven that a failure to establish one necessarily fails to establish the other.    Indeed, they are materially different defenses.    Plaintiffs' counsel insists that defendants' testimony as to the location of the fence and the use made of the backyards is discredited upon this record.    But we can not, as the question is now presented, weigh or measure the testimony.    Its credibility in the first instance was for the jury.

For this error the judgment must be reversed and a new trial granted.    Defendants will recover costs of this court.

McDONALD, C. J., and CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.    STEERE and WIEST, JJ., concurred in the result.